IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANNIE PERRY,<br><br>               Plaintiff,<br><br>   v.<br><br>LEGACY EMANUEL HOSPITAL &<br>HEALTH CENTER, an Oregon Non-<br>Profit Corporation,<br><br>               Defendant. | No. CV-08-850-HU<br><br>FINDINGS & RECOMMENDATION/<br>ORDER |

Raylynna J. Peterson
PETERSON LAW GROUP, LLC
2725 N. Kerby Avenue, Ste. A
Portland, Oregon 97227-1609

    Attorney for Plaintiff

Chris Kitchel
Shana Sechrist
STOEL RIVES LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, Oregon 97204

    Attorneys for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Annie Perry brings this race discrimination case against her former employer defendant Legacy Emanuel Hospital and Health Center. Plaintiff moves to amend her Complaint and to

1 - FINDINGS & RECOMMENDATION/ORDER

remand the case back to state court.  I grant the motion to amend and recommend that the case be remanded back.

BACKGROUND

Plaintiff filed this case in state court on or about February 11, 2008.  She brought a race discrimination claim under Oregon Revised Statute § (O.R.S.) 659A.030(1)(a), and a common law wrongful discharge claim.  She later amended the complaint, while the case was still pending in state court, and added a Title VII claim.  The Amended Complaint was filed on or about June 23, 2008.

During oral argument, plaintiff's counsel explained that the purpose of the amended pleading was to drop the common law wrongful discharge claim.  Due to personal circumstances, plaintiff's counsel hired a contract attorney to prepare the Amended Complaint. The Amended Complaint that was filed failed to dismiss that claim and instead, added the Title VII claim.

Defendant removed the action to this Court on July 18, 2008, based on federal question jurisdiction.  Defense counsel states that after removal, defendant answered the Complaint, completed its written discovery to plaintiff, and deposed plaintiff in early to mid-August 2008.  Shana Sechrist Declr. at ¶ 2.  Defendant conducted discovery regarding plaintiff's Title VII claim and developed its case strategy based on the federal forum.  Id. Defense counsel told plaintiff's counsel that defendant would file a summary judgment motion promptly after discovery closed.  Id. Defense counsel is preparing that motion.  Id.

Defense counsel also discussed the Amended Complaint with plaintiff's counsel on multiple occasions, including during a late July 2008 Rule 26 conference when defendant clarified the alleged

2 - FINDINGS & RECOMMENDATION/ORDER

basis for plaintiff's Title VII and other claims.  Id. at ¶ 3.

On September 3, 2008, plaintiff's counsel wrote to defense counsel to confer regarding plaintiff's motion to dismiss her Title VII claim and request a remand to state court.  Exh. 1 to Sechrist Declr.  In the September 3, 2008 letter, plaintiff's counsel states she seeks to dismiss the Title VII claim and request remand to state court, whereupon she will file a second amended complaint dismissing the wrongful discharge claim.  Id.  She asks if defendant has any objection.  Id.

In a response letter dated September 8, 2008, defense counsel writes that defendant opposes a motion to remand back to state court.  Exh. 2 to Sechrist Declr.  Defendant states that remanding the case now would unnecessarily delay the litigation and be fundamentally unfair to defendant.  Id.

At the Rule 16 conference held October 1, 2008, plaintiff indicated that she wanted to dismiss the Title VII claim in order to get the case remanded back to state court.  Since defendant did not agree with this course of action, this motion followed.

In the motion, plaintiff states that the Title VII claim was inadvertently included in the Amended Complaint.  In support of the motion, plaintiff's counsel states that she gave birth to a child approximately two weeks after the case was filed in state court.  As noted above, plaintiff's counsel hired a contract attorney to draft the Amended Complaint.  Raylynna Peterson Declr. at ¶ 3.  The Amended Complaint inadvertently added a Title VII claim and failed to dismiss the common law wrongful discharge claim.  Plaintiff's counsel states that she inadvertently finalized the Amended Complaint and filed it with the Title VII claim included.  Id.

3 - FINDINGS & RECOMMENDATION/ORDER

Plaintiff states that it would be unduly burdensome for her to be forced to pursue the claim in federal court because the additional time and expense of litigating in federal court would be onerous. Id. at ¶ 5. She further states that defendant would not be prejudiced by allowing plaintiff to amend because it knows of the claims against it and plaintiff does not seek to add a claim, but only to dismiss two claims. Id. at ¶ 7. Thus, summary judgment motions against those claims are now unnecessary. She also states that as of the date of removal, no trial date had been set, no additional discovery had occurred, and no additional depositions had taken place. Id.

STANDARDS

I. Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." The court should apply the rule's "policy of favoring amendments with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation omitted). In determining whether to grant a motion to amend, the court should consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and prior amendments to the complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355-56 (9th Cir. 1996). Delay, by itself, will not justify denying leave to amend. DCD Programs, 833 F.2d at 186.

II. Remand

Remand is governed by 28 U.S.C. § 1447(c) which provides, in pertinent part, that

[a] motion to remand the case on the basis of any defect

4 - FINDINGS & RECOMMENDATION/ORDER

>other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).

## DISCUSSION

In the motion to amend, plaintiff seeks to file an amended complaint striking claims one and three (the Title VII and wrongful discharge claims). Upon striking the Title VII claim, the court will no longer have federal subject matter jurisdiction and thus, plaintiff requests that the case be remanded back to state court.

Defendant objects to the motion to amend to delete the Title VII claim only to the extent that the amendment is tied to what defendant calls plaintiff's inappropriate request for remand. Defendant does not oppose the motion to amend to remove the wrongful discharge claim.

I grant the motion to amend. Regardless of whether the remand request is granted, there is no reason to deny the motion to amend, especially when it seeks to dismiss two claims. The case is still relatively young, discovery is not complete (in fact, at the time of oral argument on this motion, only plaintiff's deposition had been taken and it had not yet concluded), and there is little or no impact on the relevant facts in the case with the Title VII and common law wrongful discharge claims dismissed. Considered independently of the remand request, there is no bad faith, undue delay, prejudice to the opposing party, or futility of amendment.

As to the remand request, the parties agree the Court has

5 - FINDINGS & RECOMMENDATION/ORDER

discretion to retain the remaining state law claim or to remand the case back to state court.  While the statutory language of section 1447(c) at first glance suggests that remand to state court is mandatory if the basis for federal jurisdiction becomes absent from a case previously removed from state to federal court, that is not how the Ninth Circuit, or this Court, has interpreted the law.

In Carnegie-Mellon University v. Cohill, 484 U.S. 343, 354-57 (1988), the Supreme Court held that elimination of federal claims subsequent to removal does not deprive a federal court of jurisdiction, although it may use its discretion to remand.  At the time, section 1447(c) stated that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."  Id. at 346 n.2.

After Carnegie-Mellon, Congress amended section 1447(c) in 1988 to say, in pertinent part:  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  This is the current language.

In a 2002 case before Judge Brown, the defendant removed the case to federal court from state court based on diversity jurisdiction given that the amount of damages pleaded in the original state court complaint was for more than the amount required for diversity jurisdiction.  American Dental Indus. v. Eax Worldwide, Inc., 228 F. Supp. 2d 1155, 1157 (D. Or. 2002).  Following removal, the plaintiff filed an amended complaint and then sought to remand the matter to state court because the amended complaint asserted less than the $75,000 jurisdictional amount,

6 - FINDINGS & RECOMMENDATION/ORDER

depriving the federal court of jurisdiction.  Id.

Judge Brown first noted that "[i]t has long been the rule that jurisdiction in a diversity case is determined at the time of removal."  Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)).  Then, she discussed the plaintiff's argument that the 1988 amendment to section 1447(c) required a remand.  Id.

Judge Brown noted the statutory language of section 1447(c) both before and after the 1988 amendment.  She acknowledged that the case the plaintiff relied on, a Northern District of Alabama case, held that the 1988 amendment to section 1447(c) required the court to remand a case when a plaintiff amended its complaint to reduce the damages claimed to an amount below the jurisdictional amount.  Id. (citing Bailey v. Wal-Mart Stores, Inc., 981 F. Supp. 1415 (N.D. Ala. 1997)).

Judge Brown nonetheless rejected the plaintiff's remand argument because, she noted, Bailey was the only case to have reached that conclusion.  She explained that all circuit courts addressing the issue after the 1988 amendment continued to hold that jurisdiction in a diversity case is determined at the time of removal and is not affected by subsequent amendments to the pleadings.  Id. (citing cases from the Sixth, Eleventh, and Seventh Circuits).  She concluded that "if the court has jurisdiction at the time of removal, it is unaffected by subsequent acts."  Id. She then denied the motion to remand.

Two Ninth Circuit cases following the 1988 amendment to section 1447(c) indicate that when an amendment to a pleading eliminates the federal question upon which removal was based, the district court is not required to remand, but the court is also not

7 - FINDINGS & RECOMMENDATION/ORDER

1 prohibited from remanding.

2     First, in <u>Baddie v. Berkeley Farms, Inc.</u>, 64 F.3d 487 (9th Cir. 1995), the defendant removed a case that the plaintiffs had filed in state court, because it contained a federal question cause of action. The federal district court eventually dismissed certain defendants whose presence in the case caused there to be an implicit federal claim and thus, at that point, the case consisted solely of state law claims. The district court then granted the plaintiffs' motion to remand. But, the district court found that both the removal and the remand had been "precipitated by plaintiffs' manipulative pleading practices" and thus, it awarded the remaining defendants the fees they incurred in opposing the plaintiffs' successful motion to remand. <u>Id.</u> at 489.

    The Ninth Circuit first held that section 1447(c) did not authorize the fee award. <u>Id.</u> at 490. It then went on to state:

> Even if section 1447(c) authorized an award of fees or costs where the initial removal was proper, it would have been an abuse of discretion to impose such an award in this case. A plaintiff is entitled to file both state and federal causes of action in state court. The defendant is entitled to remove. The plaintiff is entitled to settle certain claims or dismiss them with leave of the court. The district court has discretion to grant or deny remand. Those are the pieces that comprise plaintiffs' allegedly manipulative pleading practices. We are not convinced that such practices were anything to be discouraged.

<u>Id.</u> The court went on to explain that

> [f]iling federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state

8 - FINDINGS & RECOMMENDATION/ORDER

>      forum.  They dismissed their federal claims and moved for
>      remand with all due speed after removal.  There was
>      nothing manipulative about that straight-forward tactical
>      decision, and there would be little to be gained in
>      judicial economy by forcing plaintiffs to abandon their
>      federal causes of action before filing in state court.

Id.

While the Ninth Circuit's discussion in Baddie does not expressly reference the "shall be remanded" language in section 1447(c), the only way to interpret its discussion, and particularly the statement that if the plaintiff dismisses claims with leave of court the "district court has discretion to grant or deny remand," is that the Ninth Circuit does not consider the remand language in section 1447(c) to be mandatory.

One other important note about Baddie is found in footnote three where the court stated that "if the action had progressed so far in federal court before the federal claims were dismissed that remand would have been unfair to defendants, the district court had discretion to deny remand and hear the case under its pendent jurisdiction." Id. at 490 n.3.  The court remarked that in the case before it, the federal claims were dismissed so promptly that defendants suffered no prejudice from removal, other than the self-imposed expense of opposing remand.  Id.

The other Ninth Circuit case worthy of note is Sparta Surgical Corp. v. National Association of Securities Dealers, Inc., 159 F.3d 1209 (9th Cir. 1998).  There, the court considered whether the original complaint raised a federal question, providing the basis for removal.  After it concluded that the original complaint did raise a federal claim, and thus removal at defendant's option was proper, the plaintiff argued that remand was required because it

9 - FINDINGS & RECOMMENDATION/ORDER

had filed an amended complaint after removal deleting the references to the federal rule violations that had formed the federal question. The court held that "[t]his is of no moment to us, however, for jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Id. at 1213. The court continued: "[b]ecause of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." Id.

Thus, based on Sparta, when removal is initially proper, dismissal of the only claim providing federal question jurisdiction does not automatically result in a mandatory remand. However, reading Sparta and Baddie together makes clear that upon amendment of a complaint to delete the federal question upon which removal was based, the district court has the discretion to remand or not.

Two cases from the Northern District of California have discussed the issue and stated that remand is within the court's discretion in these circumstances. In Emrick v. Fujitec Am., Inc., No. C-04-04514 MJJ, 2005 WL 162235 (N.D. Cal. Jan. 24, 2005), the court granted the plaintiff's motion to amend to dismiss a particular claim providing the basis for federal jurisdiction and then considered the plaintiff's motion to remand. The court noted that "[t]he dismissal of federal claims . . . does not automatically deprive a federal court of jurisdiction." Id. at *2. Citing Sparta, the court noted that remand is not required, but it is not prohibited either. Id. It concluded that district courts have the discretion to remand cases involving pendent state law claims following the dismissal of all federal claims. Id.

10 - FINDINGS & RECOMMENDATION/ORDER

In <u>Giannini v. Schering-Plough Corp.</u>, No. C-06-06823-SBA, 2007 WL 1839789 (N.D. Cal. June 26, 2007), the plaintiff voluntarily dismissed the claims which had formed the basis for removal and sought a remand back to state court. The defendant argued that because jurisdiction existed at the time of removal, the court should retain jurisdiction over the remaining state claims. The defendant relied on <u>Bailey</u>, the same Northern District of Alabama case that was raised in Judge Brown's case. <u>Id.</u> at *2. The defendant also cited to a 2005 Southern District of New York case. <u>Id.</u>

The court rejected the defendant's argument, holding that the Ninth Circuit had not "embraced the <u>Bailey</u> view." <u>Id.</u> The court held that it had discretion to determine whether it was appropriate to remand the case to state court. <u>Id.</u>

Having concluded that remand is within the Court's discretion, the relevant consideration is the burden on defendant if the case is remanded. The only prejudice defendant has suffered, or will suffer, as a result defendant's removal of the case to this Court after the addition of the Title VII claim, is the expense to date of preparing the not-yet-filed summary judgment motion, the potential discovery of a vocational expert that plaintiff has not yet retained, and what defendant perceives as "the advantage of the federal judiciary's greater resources of time and staff to address the summary judgment motion."

There are no appreciable differences associated with the parties' discovery. During oral argument, defendant's counsel acknowledged that the subject matter of the depositions was the same regardless of the court. She further acknowledged that there

11 - FINDINGS & RECOMMENDATION/ORDER

was no substantial difference in the documents requested as a result of the Title VII claim and whether the case was pending in state or federal court.

A period of less than two months passed from the July 18, 2008 removal to plaintiff's September 3, 2008 notice to defendant that she was going to seek a remand to state court. While certain events took place during that time, as noted above, the case schedule in federal court was not set until October 1, 2008, at the very time that plaintiff notified this Court of her intent to remand the case. Additionally, the case is still thirteen months from the scheduled trial in this Court.

On balance, while plaintiff's counsel could have acted sooner in rectifying the mistake caused by her inattentiveness, I see no real prejudice to defendant by remanding the case back to state court. I recommend that the request to remand be granted.

## CONCLUSION

I grant the motion to amend (#8). I recommend that the motion to remand (#8) be granted.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 19, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

/ / /
/ / /
/ / /
/ / /
/ / /

12 - FINDINGS & RECOMMENDATION/ORDER

If objections are filed, a response to the objections is due January 2, 2009, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this __4th__ day of __December__, 2008.


                                                    __/s/ Dennis James Hubel__
                                                    Dennis James Hubel
                                                    United States Magistrate Judge

13 - FINDINGS & RECOMMENDATION/ORDER